70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Eugene STUTSON, Defendant-Appellant.
 No. 94-6074.
 United States Court of Appeals, Tenth Circuit.
 Aug. 15, 1995.
 
 Before KELLY and McWILLIAMS, Circuit Judges, and GODBOLD,* Senior Circuit Judge.
 ORDER AND JUDGMENT**
 GODBOLD, Senior Circuit Judge.
 
 
 1
 Michael Eugene Stutson was indicted along with multiple other defendants in a 48-count indictment which charged all of the defendants with conspiracy to possess with intent to distribute cocaine and/or cocaine base (Count 1). Stutson pleaded guilty to the conspiracy charge.[1] During February 1994 he was sentenced to 235 months imprisonment and a term of supervised release, and he was ordered to pay a special assessment. Stutson challenges his sentence, contending the district court erred in its findings regarding relevant conduct and its calculation of the total quantity of drugs for determining Stutson's base offense level. We affirm.
 
 
 2
 Conduct first must be classified as relevant conduct pursuant to United States Sentencing Guidelines Sec. 1B1.3 (1993), then if it is relevant conduct, the quantity of drugs involved in that conduct must be calculated for purposes of determining the base offense level. See U.S. v. Richards, 27 F.3d 465, 468 n. 1 (10th Cir.1994). The district court's factual determination that particular conduct is included as relevant conduct is reviewed for clear error. U.S. v. Roederer, 11 F.3d 973, 977 (10th Cir.1993). The court's determination of the quantity of drugs attributable to the defendant also is reviewed for clear error. U.S. v. Garcia, 994 F.2d 1499, 1508 (10th Cir.1993). The government has the burden of proving by a preponderance of the evidence the quantity of drugs attributable to the defendant. Id. When reviewing the credibility of the witnesses upon whose testimony the district court relied, the appellate court should defer to the district court. U.S. v. Cook, 949 F.2d 289, 296 (10th Cir.1991). When estimating a quantity of drugs, the district court should err on the side of caution. Richards, 27 F.3d at 469.
 
 Relevant conduct includes:
 
 3
 (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
 
 
 4
 (B) in the case of a jointly undertaken criminal activity ..., all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
 
 
 5
 that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense....
 
 
 6
 U.S.S.G. Sec. 1B1.3(a)(1). See also Sec. 1B1.3, cmt. 1. Stutson says there was error in determining relevant conduct, Appellant's Brief at 12-13; however, he does not identify what conduct should not have been included as relevant conduct. We have found no clear error in the district court's findings regarding relevant conduct.
 
 
 7
 When calculating the total quantity of drugs to be included for determining Stutson's base offense level, the district court used the amounts from the relevant conduct as well as the amount from the conduct for which he was convicted. Including these amounts increased the drug quantity from less than 1.5 kg to 3.38 kg.[2] Revised PSR.[3] When calculating additional quantities of drugs for purposes of sentencing, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." Sec. 6A1.3(a) (policy statement). See also Sec. 6A1.3 (commentary). The parties must be given adequate opportunity to be heard through oral or written objections and to present information on any factor important to sentencing that is reasonably in dispute. Id. at (a) & (b).
 
 
 8
 Paragraph 39 of the revised PSR attributes to Stutson 70 ounces of cocaine base through sales between co-defendants Mark Fuller and Chris Scott. The government argues that Stutson was Scott's sole supplier, thus any sales Scott made could be attributed to Stutson as relevant conduct.[4] Stutson contends he was not Scott's sole source of cocaine base during the relevant time period. The district court held that Stutson would be held accountable for that amount as part of his relevant conduct.
 
 
 9
 The district court considered Stutson's objections to the inclusion of the 70 ounces and permitted him to call witnesses at his sentencing hearing in an effort to refute the testimony. The court considered the testimony of the probation officer and primary state investigator in the case, both of whom supported the inclusion of the 70 ounces. The investigator testified that the information supporting the finding came from the trial testimony of several witnesses who stated that Scott would have cocaine base available for sale after Stutson came to visit him. In addition, Scott himself had stated that Stutson was his supplier during the relevant time period. This testimony is sufficient for passing the minimum indicia of reliability standard. See U.S. v. Earls, 42 F.3d 1321, 1326 (10th Cir.1994) (estimates passed standard where the witness was found credible and the testimony was corroborated), cert. denied, --- U.S. ----, 63 U.S.L.W. 3771 (1995); U.S. v. Deninno, 29 F.3d 572 (10th Cir.1994) (testimony from "questionable" people used in meeting standard), cert. denied, --- U.S. ----, 115 S.Ct. 1117 (1995); Roederer, 11 F.3d at 981 (standard met where district court's determination was based on the testimony of a former supplier, an agent's evidence, and the probation officer's estimates). See also U.S. v. Rios, 22 F.3d 1024, 1027 (10th Cir.1994) (in considering whether there is a minimum indicia of reliability, the credibility of a witness is for the trier of fact to determine). The district court did not clearly err in finding that the 70 ounces should be attributed to Stutson.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Senior Judge John C. Godbold, Eleventh Circuit Court of Appeals, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Stutson also was indicted on four other counts which were dismissed as part of his plea bargain
 
 
 [2]
 In accordance with Sec. 2D1.1, Stutson received a base offense level of 38 (1.5 kg or more but less than 5 kg of cocaine base)
 
 
 [3]
 Stutson made several written objections to the original presentence report. Accordingly, the following changes were made: (1) a total of 9 1/2 ounces was excluded from the revised PSR, compare paragraphs 30 & 40 (revised PSR) with paragraphs 27 & 37 (original PSR); (2) the total quantity of drugs was reduced from 3.7 kg to 3.38 kg, compare paragraphs 42 & 47 (revised) with paragraphs 39 & 44 (original); (3) a 4-level enhancement for his role in the offense pursuant to Sec. 3B1.1(a) was removed, compare p 50 (revised) with p 47 (original); (4) a 3-level decrease for acceptance of responsibility pursuant to Sec. 3E1.1 was added, compare p 53 (revised) with p 50 (original); and (5) Stutson's total offense level was decreased from 44 to 37, compare p 56 (revised) with p 53 (original)
 At his sentencing hearing, Stutson objected to paragraphs 30, 34, 36, and 39 of the revised PSR. The amount of cocaine base discussed in p 30 is not included in the total quantity of drugs in order to avoid the possibility of double-counting, so that objection is irrelevant. The amount of cocaine in p 34 is inconsequential to the outcome of Stutson's sentence. It is unclear what the objection is to p 36, and the objection was not argued at the sentencing hearing. It will be upheld. The remaining objection is discussed in the text, infra.
 
 
 [4]
 The government also contends that without the contested 70 ounces Stutson still would have distributed more than 1.5 kg of cocaine base. However, according to this court's calculations, if the 70 ounces were removed from the total drug quantity calculation, then his total would be just shy of 1.4 kg (3.38 kg (from the revised PSR) minus 1.9845 kg (70 ounces X 28.35 g/1 oz.) = 1.3955 kg)